UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THOMAS DAVIS | CIVIL ACTION |
| VERSUS | NO. 19-1507 |
| COURTYARD MANAGEMENT CORP. ET AL. | SECTION "L" (5) |

## ORDER & REASONS

Before the Court is a motion to sever filed by Defendants National Interstate Insurance Company ("National Insurance"); Samson Tours, Inc. ("Samson Tours"); and Willie Spencer. R. Doc. 17. Defendants Courtyard Management Corporation ("Courtyard") and Marriott International, Inc. ("Marriot") join the motion. R. Doc. 18. Plaintiff Thomas Davis opposes the motions. R. Docs. 24, 25. Defendants National, Samson, and Mr. Spence have filed a reply. R. Doc. 29. The Court now rules as follows.

I. **BACKGROUND**

On January 31, 2019, Plaintiff Thomas Davis brought this action in Civil District Court for the Parish of Orleans, State of Louisiana against Defendants National Insurance, Samson Tours, Mr. Spencer, Courtyard, and Marriot, alleging he sustained damages as a result of automobile accidents that took place on July 14, 2018 and July 21, 2018. R. Doc. 1-1. Defendants timely removed the action to this Court on February 18, 2019. R. Doc. 1.

In his complaint, Mr. Davis alleges that on or about July 14, 2018, he was driving on the 910 block of Iberville Street when "[w]ithout warning, a vehicle driven by an unknown valet employee of the defendant, [Courtyard and/or Marriot] failed to yield to the right of way and struck the rear passenger side of the [Mr. Davis's] vehicle, causing injuries and damages." R. Doc. 1-1 at ¶ 2. Mr.

1

Davis further alleges that, one week later, on July 21, 2018, he was driving on Toulouse Street when again, "[w]ithout warning, a vehicle owned by defendant, [Samson Tours] and driven by defendant, [Mr. Spencer], improperly changed lanes and struck [his] vehicle, causing injuries." *Id.* at ¶ 3.

Based on these allegations, Mr. Davis brings suit against Defendants Mr. Spencer, Samson Tours, and their insurance carrier, National Insurance, and Defendants Courtyard and Marriot, seeking damages for:

> A. Past, present, and future physical pain and suffering;
> B. Past, present, and future mental anguish;
> C. Past, present, and future medical expenses;
> D. Lost wages and loss of earning capacity;
> E. Property damage and/or property damage deductible;
> F. Loss of use of vehicle;
> G. Rental car expenses; and
> H. Any and all other damages that may be proved at the trial of these matters.

*Id.* at ¶ 12.

## II. PRESENT MOTION

On July 22, 2019, Defendants National Insurance, Samson Tours, and Mr. Spencer filed a motion seeking to sever Plaintiff's claims against them with respect to the July 21, 2018 car accident from Plaintiff's claims against Courtyard and Marriot with respect to the July 14, 2018 car accident. R. Doc. 17. On July 23, 2019, Defendants Courtyard and Marriot joined the motion. R. Doc. 18. In their motions to sever, the parties argue the cases should be severed, as: (1) the claims arise out of different occurrences, (2) the claims present different questions of law and fact, (3) severing the claims will promote judicial economy and avoid prejudice to the Defendants, and (4) different witnesses and documentary evidence are required to prove the claims. R. Doc. 17-1 at 4–6.

In opposition, Mr. Davis contends "there are common questions of law and fact—on the issue of injuries and damages—to all named defendants in this matter." R. Doc. 24 at 2. Mr. Davis

also contends that, because "[t]he two collisions are inextricably intertwined," there is "a substantial risk of inconsistent obligations should two juries have to try the same damage case." *Id.*

### a. Law and Analysis

Defendants move to sever Plaintiff's claims arising out the first car accident from the claims arising out of Plaintiff's second car accident pursuant to Federal Rule of Civil Procedure 21. Rule 21 provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems., Inc.*, 67 F.3d 571, 574 (5th Cir. 1995). While Rule 21 is silent as to the actual grounds for misjoinder, courts in this Circuit have distilled a five-part test to determine whether a claim should be severed pursuant to Rule 21. *See, e.g.*, *In re Rolls Royce Corp.*, 775 F.3d 671, 675 n.6 (5th Cir. 2014); *E. Cornell Malone Corp. v. Sisters of the Holy Family*, 922 F. Supp. 2d 550, 561 (E.D. La. 2013). These factors include:

> (1) whether the claim arose out of the same transaction or occurrence; (2) whether the claims present common questions of law or fact; (3) whether settlement or judicial economy would be promoted; (4) whether prejudice would be averted by severance; and, (5) whether different witnesses and documentary proof are required for separate claims.

*Poincon v. Offshore Marine Contractors, Inc.*, No. 18-2748, 2018 WL 5708968, at *3 (E.D. La. Nov. 1, 2018) (quoting *E. Cornell Malone Corp.*, 922 F. Supp. 2d at 561). The Court considers each factor in turn.

### 1. Whether the claim arose out of the same transaction or occurrence

The first element of Rule 20(a), the "same transaction" prong, refers to "the similarity in the factual background of the relevant claims." *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa.

3

2010). "'Series' of transactions or occurrences, for purposes of the rule governing misjoinder, means some connection or logical relationship between various transactions or occurrences. The thing which makes the relationship 'logical' is some nucleus of operative facts or law." *Hanley v. First Investors Corp.*, 151 F.R.D. 76, 79 (E.D. Tex. 1993).

Here, the two car accidents did not arise from the same series of transactions or occurrences. Rather, each accident involved different Defendants and occurred in different places at different times. The first accident occurred one week before the second accident and was allegedly caused by an unknown driver employed by Defendants Courtyard and Marriot. R. Doc. 1-1 at ¶ 2. The second accident was allegedly caused by Defendant Spencer, who was at the time employed by Samson Tours. *Id.* at ¶ 3. The liability of the Defendants involved in each accident should be considered separately. Thus, the Court concludes this factor favors severance.

**2. Whether the claims present common questions of law or fact**

In his opposition, Plaintiff argues the injuries he sustained in the July 14, 2018 accident are reasonably related to the injuries he sustained in the July 21, 2018 accident, since the second accident exacerbated the injuries he sustained in the first accident and therefore the damages are "inextricably intertwined." R. Docs. 24, 25 at 2–3. Many courts have considered and rejected this same argument. *See Garcia v. Brock-Weinstein*, No. 13-7487, 2014 WL 2957487, at *3 (E.D. Pa. July 1, 2014) (rejecting the argument that because "the injuries [the plaintiff] sustained in the [first] accident [were] reasonably related to the injuries she sustained in the [second] accident," the two cases should be tried together); *Beaulieu v. Concord Groups Ins. Co.*, 208 F.R.D. 478, 479 (D.N.H. 2002) (same); *Kalker v. Moyer*, 921 A.2d 21 (Pa. Super. 2007) (same).

In *Beaulieu v. Concord Groups Ins. Co.*, for example, the plaintiff brought claims arising out of two distinct car accidents involving two different drivers in two different locations at

4

different times. 208 F.R.D. 478, 480 (D.N.H. 2002). In *Beaulieu*, as Plaintiff does here, the plaintiff alleged the second accident aggravated the injuries he sustained from the first accident. *Id* at 479. The court granted the defendants' motion to sever the claims, finding that, because the actions arose out of two accidents and there was no allegation that the defendants acted in concert, the two accidents did not present common questions of law or fact. *Id.* at 480.

Similarly, in *Kalker v. Moyer*, the plaintiff, who was also involved in two motor vehicle accidents, made a similar argument. 921 A.2d 21 (Pa. Super. 2007). Although this case is not binding on the Court, its logic is persuasive. In *Kalker*, the plaintiff filed a single action against the defendants who were involved in each of the separate accidents, claiming they were part of the same "series of transactions or occurrences." She argued the actions must be considered together, as the two incidents caused injuries to the same part of her body and her doctor was unable to distinguish between the injuries caused by the first accident and those caused by the second. Rejecting this argument, the court concluded that, although the evidence of the injuries would be common to both cases, there was no common question of fact that would justify considering the cases together. *Id.* at 22. In addressing the possibility of inconsistent verdicts, the court explained:

> While we recognize that there is a possibility that there might be inconsistent verdicts, resulting in [the plaintiff's] either being paid twice for the same injuries or not receiving full compensation for the instant injury, that is not an unusual situation. For example, if [the plaintiff] had settled the [first] accident, the same issues would arise in the [second] accident. Juries are asked to make this kind of distinction between current and preexisting injuries all the time.

*Id.* at 23.

Like the injuries alleged in *Kalker* and *Beaulieu*, in this case, no common question of fact affects the liability of these Defendants, and separate evidence must be presented with respect to each accident. Although the injuries Plaintiff allegedly sustained in the first accident were allegedly exacerbated by the second, this overlap does not justify trying the two cases together.

5

### 3. Whether settlement or judicial economy would be promoted

In their motions, Defendants argue this factor militates in favor of severance, as maintaining the action collectively "will require Defendants to participate in all witness depositions and motion filings by Courtyard and will require Courtyard to participate in all witness depositions and motion filings by Defendants even though the facts and testimony are distinct." R. Doc. 17-1 at 5. Defendants acknowledge, however, that granting their motion would require Plaintiff to attend all depositions, but contends this situation is simply "a 'cost of doing business' type concern." *Id.* In his opposition, Plaintiff does not address this issue.

Because Plaintiff has been treated by the same doctor for both injuries, it would be advantageous to both Plaintiff and Defendants to depose the doctor and other medical professionals together. However, this scenario does not necessarily mean judicial economy would be promoted by denying severance. As Defendants argue in their motions, granting severance will also limit the number of depositions in which each Defendant must participate. As a result, the Court concludes this factor is neutral.

### 4. Whether prejudice would be averted by severance

In their motions, Defendants argue they will be prejudiced by trying the cases collectively, as Plaintiff called the police following the July 21, 2018 accident but did not file a report following the July 14, 2018 accident. R. Doc. 17-1 at 5. Thus, Defendants contend, "the jury may mistakenly believe the officer was called on the "worse" accident." *Id.* Plaintiff does not address this argument in his opposition. The Court agrees with Defendants that prejudice will be avoided by trying these cases separately—this factor favors severance.

### 5. Whether different witnesses and documentary proof are required for separate claims

Defendants contend, and Plaintiff does not dispute, that these two cases will involve

different witnesses and documentary proof. *Id.* at 6. As Defendants argue, "There are many witnesses to the July 21[, 2018] accident and many witnesses to the July 14[, 2018] accident and none of them, save Plaintiff, overlap. While some medical witnesses may be common, their testimony will not be due to the dissimilarity of these claims, factually and legally." *Id.* The Court agrees. This final factor favors severance.

Having reviewed the five factors relevant to the determination of whether severance is appropriate in this case, the Court concludes that, although one factor favors neither joinder nor severance, the remaining four factors favor granting Defendants' motions to sever. As a result, the Court will grant the motions and order these cases be severed. The Court notes the effect of this order is that "where previously there was but one" case, now there will be "two separate actions or suits." *United States v. O'Neil*, 709 F.2d 361, 368 (5th Cir. 1983). Thus, Plaintiff's claims against Defendants Courtyard and Marriott for the July 14, 2018 accident will "proceed[] as a discre[te], independent action," from Plaintiff's claims against Defendants National Insurance, Samson Tours, and Mr. Spencer for the July 21, 2018 accident. *Id.* Accordingly, the "[C]ourt may render a final, appealable judgment in either one of the resulting two actions notwithstanding the continued existence of unresolved claims in the other." *Id.*

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendants National Interstate Insurance Company, Samson Tours, Inc., and Willie Spencer's motion to sever, R. Doc. 17, in which Defendants Courtyard Management Corporation and Marriott International, Inc. have joined, R. Doc. 18, be and hereby is **GRANTED**.

New Orleans, Louisiana on this 30th day of August, 2019.

                                                         Eldon E. Fallon
                                                   U.S. District Court Judge