UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS DAVIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-1507** |
| **COURTYARD MANAGEMENT CORP. ET AL.** | **SECTION "L" (5)** |

## ORDER & REASONS

Before the Court is Plaintiff's motion to remand. R. Doc. 41. The motion is unopposed. Having reviewed Plaintiff's memorandum and the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

This claim arises out of a motor vehicle accident that allegedly occurred on July 14, 2018. R. Doc. 1. Plaintiff originally filed suit in state court, bringing claims resulting from separate automobile accidents that occurred on July 14, 2018 and July 21, 2018. R. Doc. 1-1. Defendants' timely removed the action this Court and filed a motion to sever.[1] The Court granted the motion, finding that severance was warranted because the claims arose from separate transactions, involved separate facts, witnesses, and documentary proof, and because prejudice would be avoided by trying the cases separately. R. Doc. 30 at 4-7. The Court ordered Plaintiff to file amended complaints with respect to the claims arising from each independent accident and retained jurisdiction over the claims

---

[1] In their motions to sever, the parties argued the cases should be severed, as: (1) the claims arise out of different occurrences, (2) the claims present different questions of law and fact, (3) severing the claims will promote judicial economy and avoid prejudice to the Defendants, and (4) different witnesses and documentary evidence are required to prove the claims. R. Doc. 17-1 at 4–6. Mr. Davis opposed the motion because the claims involved "common questions of law and fact" and because "[t]he two collisions are inextricably intertwined," creating "a substantial risk of inconsistent obligations should two juries have to try the same damage case." R. Doc. 24 at 2.

arising from the July 14, 2018 accident. R. Doc. 31.

In his first amended complaint, Plaintiff Thomas Davis alleges that on July 14, 2018, he was driving on the 910 block of Iberville Street when "[w]ithout warning, a vehicle driven by an unknown valet employee of the Parking Management Service, Inc. failed to yield to the right of way and struck the rear passenger side of [Plaintiff]'s vehicle, causing injuries and damages." R. Doc. 35 at 2. Plaintiff alleges that the unknown employee was acting within the scope and course of his employment at the time of the incident, and that his employer, Parking Management Services, Inc., is therefore vicariously liable for its employee's negligence. R. Doc. 35 at 3.

Based on these allegations, Mr. Davis brings suit against Defendants Courtyard Management Corporation, Marriott International, Inc., an unknown valet employee of Parking Management Service, Inc., and Parking Management Services, Inc., seeking damages for past, present, and future physical pain and suffering, mental anguish, medical expenses, lost wages and earning capacity, property damage, loss of use of vehicle, and rental car expenses. R. Doc. 1-1 at 4.

Defendants Courtyard Management Corporation, Marriott International, Inc., and Parking Management Services, Inc., timely answered the first amended complaint, generally denying the allegations therein. R. Doc. 47. Defendants also assert several affirmative defenses including comparative negligence of Plaintiff, prescription, superseding and intervening causes, and failure to mitigate damages. R. Doc. 47 at 5-8.

## II. PRESENT MOTION

Pending before the Court is Plaintiff's Motion to Remand. R. Doc. 41. Plaintiff argues that this Court lacks subject matter jurisdiction over the dispute because the joinder of Defendant Parking Management Services, Inc., a corporation domiciled in Louisiana, destroys complete diversity. R. Doc. 41 at 4. The motion is unopposed.

2

## III. LAW & ANALYSIS

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Parties "may neither consent to nor waive federal subject matter jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Subject matter jurisdiction arising under § 1332 requires complete diversity of citizenship. *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010). "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McClaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted). Determination of the citizenship of juridical persons varies depending on the type of juridical person. A corporation is a citizen of every state in which it is incorporated as well as the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1).

Here, Plaintiff alleges that the addition of Parking Management Services, Inc., destroys complete diversity. R. Doc. 41. Parking Management Services, Inc., is a corporation. Therefore, the Court looks to the company's state of incorporation and the location of its principal place of business. The Louisiana Secretary of State lists Parking Management Services, Inc.'s domicile address and principal office address as 917 Gravier Street, New Orleans, Louisiana, 70112. Accordingly, Parking Management Services, Inc., is a citizen of Louisiana for diversity jurisdiction purposes. Plaintiff is also a citizen of Louisiana. R. Doc. 1-1 at 1. Because Plaintiff

shares a state of citizenship with a Defendant, complete diversity does not exist, and this Court does not have subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's motion to remand, R. Doc. 41, is **GRANTED** and the matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana on this 16th day of October, 2019.

_____
Eldon E. Fallon
U.S. District Court Judge